First will be United States v. Santiago, 24-6015, and we'll hear from the appellant. Good morning. Karen Taranto on behalf of the appellant, Alexander Santiago. This federal case... I'm having trouble hearing you. Oh, excuse me. Is this better? Okay. Speak up. Okay. Excuse me. This federal case began with a state warrant to search Mr. Santiago's iPhone. Everyone agrees the state warrant was overbroad in authorizing a search of Mr. Santiago's phone for evidence of any crime committed at any time. Under the law of the circuit, officers can't rely in good faith on such general warrants, and especially not, as in this case, where the government has not offered evidence of any circumstances otherwise justifying the application of the good faith exception. The district court erred in holding otherwise. And once the evidence obtained from the illegal state search is taken out of the federal affidavit, that affidavit no longer supports probable cause to think that Mr. Santiago's iPhone would contain evidence of child pornography. This court should reject the government's argument that evidence of child sexual abuse alone can give rise to probable cause to search for child pornography, as has nearly every other circuit to address the question. Because both of these warrants were invalid, the searches pursuant to those warrants were unconstitutional and the evidence needs to be suppressed. Did the federal agent have an obligation to evaluate the state warrant and affidavit? Your Honor, excuse me. Because it had not been successfully challenged, could the federal agent simply refer to it as the federal agent did? Your Honor, I think yes. So under LARA, officers cannot rely in good faith on warrants from derivative searches. It's not the magistrate judge's obligation to ensure that the underlying warrant was complied with the Fourth Amendment. It's the officer's obligation. So yes, I think so. But the government hasn't argued that the good faith exception applies to the federal warrant. Turning to the state warrant, we argue that the state warrant was invalid for lack of particularity, and the government appears to concede that point because it authorized a search of the iPhone for evidence of any crime at any time. We contend that the warrant's absolute facial deficiency alone is enough to prevent the application of the good faith exception here. The government appears to concede as much. It did not address our analysis of Cassidy, Dunn, or Leary, or Grow, where we showed that this catch-all phrase is very similar to ones on which this Court has said, render the state warrant overbroad and make it so that officers can't rely in good faith on those warrants. But even under a totality of the circumstances, there's no good faith here because the government didn't offer any evidence of any circumstances that would otherwise justify applying the good faith exception here. So the affidavit itself doesn't narrow the scope of the search. It's the source of the overbroad language. And even if the affidavit narrowed, the government didn't provide any evidence that the officers who executed the state search of the phone relied on anything else as limiting the scope of the search further than the warrant went. Without this, the good faith exception can't apply to save the state search pursuant to the overbroad warrant. And this is the exact type of misconduct the exclusionary rule is meant to deter. So this offending catch-all phrase came directly from the affidavit. And the officers' unreasonable reliance on an overbroad warrant is itself Fourth Amendment misconduct. And that's this Court's decision in Leary and also under Leon. Turning to the federal warrant, once you take the information from the state search, the illegal state search, out of the affidavit, that affidavit only describes evidence of an illegal sexual relationship and does not mention anywhere else an association with probable cause to search the iPhone for child pornography. We think the decisions from nearly every other circuit to address this question are very clear, as is this Court's decision in Edwards, that where there's no allegation of a connection between a crime like child sexual abuse and no data supporting a connection between that crime and the possession of child pornography, that alone cannot give rise to probable cause to search for child pornography. What about the photographs? Thank you, Your Honor. I think the photographs are evidence of the relationship, but they weren't alleged to be pornographic and the descriptions do not meet the definition of child pornography in any way. And under this Court's decision in Edwards, child erotica alone can't give rise to probable cause to search for child pornography, especially like this case where there's no allegation of a connection between those two people that might collect child erotica and people that collect child pornography or data to support it. There is some intimacy, though, in the photographs, and this is a 14-year-old girl. Yes, Your Honor. Does that distinguish the cases you're relying on? I don't think so. In Edwards, the suspect had expressed sexual interest in the minor depicted in the pictures, and they're even combined with those images that were relatively graphic, and even those two things combined didn't interact to create probable cause. The photographs are not in the record, are they? We didn't see them. Your Honor, I think they might be in the trial. They might have been introduced at trial, but not in the suppression record. It's a little ambiguous. It says, in the bed, and I don't know if that means they're both on the bed, sitting, but certainly there's no allegation that they're not fully clothed. No, there's no allegation they're not fully clothed, and there would need to be a description amounting to that under this Court's decision, Lara. The magistrate judge needs to be able to review the description and say, yes, this meets the definition of child pornography. It can't just be an allegation that I sought child pornography. Let's see. Those were the primary things I'd like to cover. The government makes an argument that we didn't preserve our challenge to the state search warrant below. We did preserve our challenge to the state search warrant. We argued below that the warrant was so facially deficient that officers couldn't reasonably rely on it. We argued that in our reply brief in support of our motion to suppress, and at the hearing, the hearing discussion centered around that question, and we developed our argument there. That alone is sufficient to preserve the argument for this Court's review. And you're talking about the state warrant being deficient for any crime and being a general warrant. I get that. And I think you said there's a case that tracks this one, which is we have a state warrant that is facially invalid, and then the fruit from that warrant is recited in a later federal warrant, and the Court holds the federal agent to the state warrant and is not allowed to use the evidence from what is later argued and found to be an illegal warrant. Is that right, or are we on fresh ground here? I think the case that I would cite is Lara, but I do think that in Lara it was a state officer in both, and possibly the same officer wrote the state affidavit and the second affidavit. But I think the reasoning of Lara is broad, and the holding is broad. Any search warrant that is based on a legal predicate search, the good-faith exception doesn't apply, and that's because we hold the officer, the magistrate judge who's reviewing that second warrant, isn't getting information about whether that second warrant or the first warrant was obtained legally or illegally. So it's not the magistrate's error that then validates the second warrant. It's that the second warrant has information that was obtained from an illegal state search, excuse me, illegal predicate search, that the magistrate judge reviewing the second warrant isn't able to assess because they don't have any information about the first state search. So Lara is the closest case? I think so, yes. I think so. If this Court doesn't have any further questions, I'll reserve the rest of the remainder of my time. Thank you. Thank you, Your Honor, and may it please the Court. D.H. Dillbeck for the United States. The District Court correctly denied the appellant's motion to suppress. This Court should affirm, and there are at least three ways that it could do so. First, the appellant's current argument against applying the good-faith exception was not preserved, and this Court should decline the motion. I decline now to entertain it. Second, even if that argument was preserved, the state search warrant wasn't so lacking in particularity that good-faith exception shouldn't apply. And third, even if the argument was preserved and even if the good-faith exception shouldn't apply, the excised federal warrant still established probable cause to search Mr. Santiago's phone. On the second point, the state particularity, child porn wasn't part of that discussion. It was sexual assault, statutory rape, lewd behavior with the minor, right? Correct. And those charges went away? The state charges? Yes. They're currently pending still. Oh, they're still pending. All right. That's much later. Yes, Your Honor. Okay. Do you contend that the state warrant was valid? We concede that the warrant was facially overbroad, the first step of the inquiry here. What we continue to argue, though, is that if this Court is going to entertain the new argument that has been raised about why good-faith should not apply, that this Court can conclude if it wants to resolve the case on this ground that it wasn't so lacking in particularity that no officer could reasonably rely upon it given the warrant itself and the context of the search. So if there's a warrant that says that the police can search by cell phone for any crime that Bob Bacharach may or may not have committed, that's okay under the Fourth Amendment? Well, I think as I read... Because that's what this affidavit in state court said. That's correct, Your Honor. There's no dispute about that. But I think Leon and this Court's good-faith exception cases on this issue in particular still inquire about not just the warrant itself but the circumstance of the execution of the search. So I don't think it's correct to say that simply the inquiry just ends on the face of the warrant itself without any kind of examination of the... Okay, so the affidavit for the federal warrant is relying on the state court warrant. The application for the state court warrant asks the state court judge to authorize a warrant to search for any crime that Mr. Santiago may have committed. And so those circumstances would let a law enforcement officer say reasonably that that is sufficiently particular. What about those circumstances are anything but the most obvious violation of a general warrant prohibition? Well, I think the key question... What circumstances? Well, I think the key question would be, and has been in prior similar cases, despite the facial invalidity of the warrant, would officers involved in the search, executing the search, have understood, despite the kind of catch-all language that you're referring to, that the scope of inquiry for the search itself was more limited for certain kinds of evidence of certain kinds of crimes. Are there any cases that say that? Because I thought that was the whole point of the prohibition against general warrants is that you're supposed to circumscribe the discretion of law enforcement officers. You're not supposed to just say, okay, well, you know, Bob Bacharach may have committed computer fraud, not production of child pornography, so you can look by cell phone for computer fraud. Are there cases that say that? I think I point to several of these courts' decisions on good faith exception where whether or not the warrant was so facially deficient in its lack of particularity that good faith couldn't apply. Cases like Suggs and others where, for Suggs in particular, when the case is remanded on this issue specifically and the government puts on evidence, the court hears evidence about what the executing officers knew about the nature of the investigation, the scope of the search that eventually resulted from an otherwise overbroad warrant. Those are questions that go to whether officers, despite the facial invalidity of the warrant, reasonably relied upon it, knowing what in practice was the actual scope of the search and the investigation. Were the officers that executed the federal warrant the same officers that were the affiants for the state court warrant? No. Okay, so how do you make this argument, that they would have known, well, if they weren't even the same officers that sought the unlawful warrant, how did those cases help you? Well, the relevant evidence would be about the state officers who executed the original state warrant and whether those kinds of circumstances could go towards finding good faith despite the facially overbroad nature of the state warrant. So we'd find good faith for the state court warrant, even though we really don't care about the state court warrant. The state court warrant wasn't executed, it was the federal warrant. So you're saying we would apply the good faith exception to the preceding state court warrant even though that's not what we're here on. That's right, Your Honor. I think it's a little unusual, but I'm not aware of any reason why it wouldn't play out in that fashion, in effect. You'd find the underlying state warrant valid from that ground. Yeah, okay. Can I ask you about the timing of two Supreme Court cases? You have Leon comes along in 1984 at the good faith that you're arguing, and then we have Grover versus Ramirez 20 years later in 2004 with one of these deficient warrants. And I think the affidavit wasn't incorporated this year. And my recollection is that Grover doesn't talk about Leon. In other words, that Leon's not on the table for that situation. And I know that you have other cases, but I'm not sure they're on point with our situation in that regard. Can you speak to that? First, does Grover talk about Leon? And if not, why not? To the best of my recollection, I don't think that it does. I'm not entirely sure why. I think I take your point, which is that perhaps there are some warrants that just on their face are going to be so facially deficient that the circumstances don't matter. Like this one. And that may be the case. And I'm getting the impression that I might not be able to convince you otherwise. We're just asking you questions. We're trying to figure stuff out. I'm wide open. I'm looking for help. I'm not trying to pin you in a corner, but I'm asking you how can you make that argument if Grover doesn't allow a Leon argument? Then you're out of business on that part. Are you or are you not? I don't think so necessarily, at least following how this court has handled similar kinds of cases, even after both of those decisions by the Supreme Court. I think there is still, even for warrants like this one that have this kind of catch-all language, there still is an inquiry, as I've said, into the circumstances of the search itself to see whether there was a reasonable reliance on the part of the executing officers. I'm not saying we will, but if we were to review the law very carefully and determine that you can't make a Leon argument in a Grover kind of a case, where are you? Well, then I think we're on this third potential ground for affirming that I've mentioned before, that if at that point you determine no reasonable reliance on the state warrant, everything derived from the state search needs to go, I think that can very easily be excised from the federal warrant. I think we all agree on that, the two paragraphs. And then the question becomes, is what's left enough to establish probable cause? And we'd argue that it is. And there you have the appellant citing a number of cases that seem to be on point as far as child exploitation not being enough to say probable cause for child pornography. And in this case particularly, where the images are found by the mom, nothing to say that there's anything to do with child pornography if there's a search. They're cloaked. There's no conveyed images that raise the concern. So why would we, are you asking for a per se rule that any time there's a minor involved that there's probable cause for child porn? And if not, what extra do you have? No, we're not suggesting that the mere fact of evidence of child sexual exploitation is in and of itself on its own enough to justify a search for child pornography. But the facts of the case here and as set forth in the affidavit go beyond that. I think you can put them in one of two buckets, both on the nature of the relationship between Mr. Santiago and the minor and on the nature of the communications between them. So the affidavit recounts that Mr. Santiago had sexually assaulted the minor at his residence in his bed, that they had had sexual intercourse multiple times over the next several months, that the minor had taken at least three positive pregnancy tests, that he planned to take her into hiding with her out of state. There's allegations of physical abuse and emotional abuse as well. And then we've got the communications via Snapchat as well that are referenced of the two of them lying in bed together. And no image, you haven't given us an image, and in bed could mean anything. I don't know what that means. Elsewhere there's a different preposition, on furniture. And I don't know what that is, but you're asking a lot if you're asking us to just imagine the worst thing we can think of when you utter that prepositional phrase. Well, I think if you look at those pictures in and of themselves, they might not give rise to the worst cause for concerns, as you put it. But when viewed in the context of what is also recounted in the affidavit about this relationship, they do take on a different light. And this court's 2015 decision in Edwards has been mentioned already, which in some ways is maybe the most pertinent to this question. And there are a few things I want to say about it, because I think there are some ways where the facts of this case as recounted in the affidavit are different from Edwards and different in some potentially crucial ways. In Edwards, there was no evidence that the defendant was sexually abusing the minor that was in the photos. Here there is evidence of that. Well, what do you mean sexually abusing? Granted, she's 14 and there's no legal consent, but everything indicates that it's a consensual relationship in a non-legal sense and that she's trying to run away with this guy. Describes herself as in love. It's not a child being molested. Respectfully, Your Honor, I would disagree. It's different than a 14-year-old whose stepfather is coming into the bedroom at 1 in the morning. Respectfully, Your Honor, I would disagree. I think the evidence in the record would suggest that this is an exploitative relationship. No question. She's 14. But they're not all the same. Well, that's fair. These cases run agambit. But I think there is evidence in this case of direct physical sexual abuse of a minor that wasn't true for the defendant in Edwards. There's evidence here that the defendant was taking these images that arguably amount to child erotica given the circumstance. There's no evidence in Edwards that the defendant was actually taking the images that have been shared. I've missed something then. What's the child erotica images? Well, Your Honor, respectfully, I think pictures of a 24-year-old affectionately embracing and kissing a 14-year-old who he's known to have a sexual relationship with would amount to a kind of child erotica. But that's exactly what Judge McHugh said in Edwards was not enough for probable cause. Well, no, but what I'm suggesting is I think what separates this case from Edwards is that we know that the defendant here was taking those pictures. In Edwards, there was no taking of the pictures. Okay. The source of the child erotica. The source of the child erotica. All right. And we know that those pictures were shared via a phone-based social media app as well. The warrant is for a search of that phone. A final, I think, a minor point, but actually an important one to make, a difference between Edwards. The court in Edwards emphasized the fact that those images of child erotica were shared publicly. There was no real hiding of them in that sense. They were publicly posted on a widely available message board, in effect. And the court emphasized that lack of secrecy, I think, in reaching its decision. The opposite is the case here. The images, call them child erotica of a kind, call them what you will, were not shared publicly. We know that the ones that the mother eventually acquired were shared via this social media app between the 14-year-old and Mr. Santiago. I don't mean to suggest that any one of those three things tips the scales necessarily, but cumulatively, I think they do make a difference in potentially concluding that all the evidence set forth in this excise federal affidavit would give rise to probable cause for a search of the phone. Did the federal agent have an obligation to examine the state warrant and see the obvious flaw? Your Honor, I'm not aware of any case that explicitly says, I suppose, that make an examination of the warrant and it's incumbent on the officer to make a determination that this is so facially, I see my time's up. You go ahead and answer, I want you to answer it though. And in effect, close down the investigation at that point or at least not utilize any evidence acquired from the search. But to the extent that was a responsibility incumbent on the officer, I think it can be mitigated here by the fact, again, as I've mentioned, that the only evidence that came from that search that's in the federal warrant are those two paragraphs about the discovery of child pornography. Everything else doesn't derive from the search. That is the main punch. If there are images of child porn on the phone, obviously there's going to be probable cause that there might be more on the phone. It's not just another category of things. It's the poison pill. It's what makes the case an easy one, if you're allowed to have that. Why do you not make a good faith argument on the federal warrant? Well, Your Honor, I think at this point we're in a position where with what the district court did and where we are now, I think the question on the federal warrant is going to be just a straightforward de novo review. And we agree with the appellant that there's no need, if the court wants to resolve it on that ground in particular, to decide it here itself and not remand it to the district court for any kind of preliminary decision on that question. So the answer is because it couldn't succeed? No, Your Honor. Frankly, these are the arguments that were originally presented to the district court and the ones that we think have been preserved and can make it happen. Did you have a question? Well, I know we're out of time, but we didn't give you a chance to talk about your first issue, which was preservation. So do you mind if I ask you a question about that? Please. So you fought the defendant, but of course the defendant would have no need, I think you would agree, to address or to rebut a good faith defense unless you presented it, right? That's correct, Your Honor. It's the government's burden. Yeah. What I would say on that, though, is Leon and these decisions that have followed it don't suggest that the government has an affirmative burden to disprove every one of those four or five exceptions. I'm with you. I'm with you. No question about that. But on page 69 in district court, as I understand it, all you argued for the good faith exception was that the state court warrant lacked indicia of probable cause. She's not arguing that. She's arguing overbreadth. And our position is that in the district court, the defendant was arguing simply a lack of even an indicia of probable cause. In their response to the motion to suppress? And there are the two sentences in the motion to suppress that seem to raise the argument that's being presented now. Our position would be that at the very least that would amount to a kind of forfeiture. Well, you only have one sentence. And it's on a different issue. So it just seems odd. I don't mean to be pejorative. But you're saying, defendant, you should have... You only have two sentences on overbreadth. Well, you don't have any. So I want to give you a chance to disabuse me of that. Well, Your Honor, it's our position that the only question that was before the district court on the good faith issue was whether good faith should not apply because the affidavit lacked even the barest indicia of probable cause. The government put on evidence to that effect. It's an issue that can be decided by the affidavit itself. And the district court, it's worth noting, again, expressly said in its order that the defendant has only raised one ground under Leon for why good faith should not apply, that the affidavit lacks even the barest indicia of probable cause. So, in effect, what the appellant is asking this court now is to reverse on a theory that the district court never entertained, never found any facts relevant to either. Okay. Thank you very much. I just want to make, I guess, a couple of points. First, the government has conceded that the warrant was overbroad. This was under Gros and Cassidy, a facially deficient warrant that officers could not rely on in good faith. But the government has said this court should look to the totality of the circumstances to review whether there were other circumstances justifying the application of the good faith exception. This court, even if it looks at the circumstances, this case is very different from other ones where the court has applied good faith with an overbroad warrant. In those cases, the affidavit actually limited the scope of the search requested. The same officer who wrote the affidavit executed the search, or he instructed the executing officers that the scope of the search was limited. In some of those cases, they actually asked an AUSA or a prosecutor to confirm that the warrant they were requesting was valid. And they actually then confined the scope of their search. We have none of that evidence because the government chose to stand on the affidavit. So in either circumstance, the good faith exception does not apply to the state search warrant. And then we have to then remove the evidence obtained from that illegal search from the affidavit to the federal warrant. And without that, those two paragraphs that are the only place where child pornography is discussed at all, without those two paragraphs, there is no probable cause to search this phone for evidence of child pornography. And the government's argument requires this court to accept that evidence of a sexual relationship and some pictures evidencing that relationship is sufficient to search a person's phone for child pornography. No other court has decided that in this way, and this court shouldn't do so. I think this court's decision in Evans is instructive. If that's going to be the case, there need to be allegations of a connection between people who engaged in child sexual abuse and then people who collect child pornography and supported with data. It's a factual question that's not left to the magistrate judge's discretion or just judgment. And then with respect to whether the good faith exception can save this federal warrant, the government has not argued that, and that's because this court in Lara said, 10th Circuit precedent dictates that the good faith exception does not apply at all when a warrant affidavit is based on tainted evidence from a prior unlawful search. That's the case here. We have a warrant affidavit tainted from a prior unlawful search. Yes, it was state officers who conducted the unlawful search and then a federal officer who wrote the second affidavit. But the court's reasoning in Lara is quite broad. It says basically because the magistrate judge can't be held accountable for assessing whether that predicate search was lawful or not, it's the officer who is accountable for what's in the affidavit. Because the magistrate judge isn't endorsing by granting the second warrant, the magistrate judge isn't endorsing the predicate search and its validity. It's the federal officer that's endorsing the predicate search and its validity. That's why the good faith exception doesn't apply. The government hasn't argued that the good faith exception applies, and we contend it does not under this court's law. Would it matter if the federal agent had stapled the state affidavit and search warrant to the submission for a federal search warrant? I don't think so, Your Honor, because the reasoning in Lara, the officer who submitted the second affidavit provided some information about that first search and explained how it was obtained. And the government there argued, well, we put that information to the second magistrate judge, and so the magistrate judge was endorsing that information. This court said no, that information was not sufficient to allow the magistrate to determine the constitutionality. Maybe the circumstances were more on the cusp, so maybe if they had attached it and this was such a facially deficient warrant, maybe the magistrate judge could be held accountable, but here there's no evidence that that information was ever submitted to the magistrate judge. They can't be held accountable for that mistake. Thank you. Thank you, counsel. This matter is submitted. I also want to thank both counsel for your excellent briefs and your excellent testimony.